UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

Brandon Williams

    Plaintiff,

v.

STATE OF NORTH CAROLINA,
CABARRUS COUNTY, et. al

    Defendant(s).

Civil Action No. 1:23CV325

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

FILED APR 18 2023 Clerk U.S. District Court Greensboro, NC

*Notice to agent is notice to principal. Notice to principal is notice to agent.*

I. The Parties to this Complaint

    A. The Plaintiff

        Brandon Williams
        601 Franklin Avenue
        c/o P.O. Box 791481
        Charlotte, Mecklenburg County
        North Carolina, [28206-7923]
        (704) 493-6149
        bwilliamsnet@gmail.com

    B. The Defendant(s)

        Defendant No. 1
            State of North Carolina
            Office of the Governor
            c/o Office of Attorney General
            114 West Edenton Street
            Raleigh, Wake County
            North Carolina 27603
            (919) 716-6400

Defendant No. 2
> Stephanie Reese, In the Office of State Judge of Superior Court
> 77 Union Street, South
> Concord, Cabarrus County
> North Carolina 28025
> (704) 262-5500

Defendant No. 3
> Sydney R. Carter, Assistant District Attorney
> P.O. Box 70
> Concord, Cabarrus County
> North Carolina 28025
> (704) 262-5510

## II. Basis for Jurisdiction:

The basis for jurisdiction is a federal question arising under the laws of the United States, specifically the Civil Rights Act of 1866, 42 U.S.C. § 1983 as amended. Under 42 U.S.C. § 1983, provides an individual the right to sue state or local government officials for the "deprivation of any rights, privileges, immunities secured by the Constitution and federal laws, while acting "under color of state law." Bivens action: Section 1983 only applies to local state governments. A "Bivens action" is the federal analog which comes from <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)</u>. Subject to certain exceptions, victims of a violation of the Federal Constitution by a federal officer have a right under Bivens to recover damages against the officer in federal court despite the absence of any statutory basis for such a right.

> A. Plaintiff is bringing suit against State or local government officials under 42 U.S.C. § 1983.

B. There have been flagrant abuse of process in the case brought against plaintiff from defendant(s) which has violated the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the federal Constitution, which has curtailed and placed plaintiff's freedom in jeopardy.

C. Defendants acted "under color of State law" when plaintiff was arrested without a Warrant and the Order for arrest was defective pursuant to their own general State statute, i.e., N.C.G.S § 15A-304(a) whereby it violated Title 18, U.S.C. § 242 and Amendment 4 of the federal

Page **2** of **10**

Constitution. There was no Oath or affirmation signed and supported by any victim and there was no injured party. But yet, plaintiff's freedom was taken and seized.

III. **Statement of Claim.**

This matter comes before the STATE OF NORTH CAROLINA, CABARRUS COUNTY, et al in the Superior Division. Plaintiff is being charged with Flee/Elude Arrest W/MV (F) and Expired Registration Card/Tag and had his North Carolina's driver's license suspended on 10/22/2017 for failure to pay fine.

On June 2, 2017 at or around 4:15 PM, plaintiff was at a stop light while travelling on Country Club Drive in Concord, NC. While waiting to turn left onto Concord Pkwy, N. and made a right turn into the Popeye's restaurant so that my son who was 10 years old and was sick can use the restroom. However, I noticed a police cruiser following behind me, but as I parked onto the lot of the restaurant, the police cruiser pulled off back onto Concord Pkwy and continued heading south. Nevertheless, I assisted my son, and we came out of the restaurant and got back into my vehicle and proceeded to pull off back onto Concord Pkwy, south to our destination. My son complained that he felt like he had to vomit. So, I now pulled onto the parking lot of Royal Auto Sales car lot and assisted my son out of the car again so that he can vomit. I then walked my son up to the entrance of the car place to see if they had water for my son to drink, since he may have been very dehydrated and had a fever. After we got back into the car to pull back onto the road to head home to Charlotte, NC so that I could give my son some medication and allow him to rest since he was also running a high fever while he began to shake and complaining of feeling very weak. I then noticed another police cruiser pulling up telling me to stop. I informed the officer of the present condition concerning my son and that he can follow me to where I was heading if there was a problem that I was unaware of while being [unlawfully]

stopped and detained. So, I proceeded to hurry home and take care of my ill son.

On May 5, 2019 at approximately 5:00 PM. CMPD officers confronted plaintiff as I was pulling onto my property about a robbery, they said occurred earlier that day. As I exited my vehicle, one of the policemen named Wagner grabbed then pushed me. Plaintiff asked why I was being handled in such way. Policemen Wagner asked me what happened earlier regarding a robbery at an O'Reilly auto parts store located on Statesville Road in which my license plate was captured on the surveillance cameras. The policemen alleged that I was an accessory to the crime. Plaintiff denied any knowledge of such robbery while I was at the auto parts store making my purchase and did not see a robbery taking place. Wagner then mentioned there were 2 Warrants for plaintiff's arrest pending in Guilford and Cabarrus counties. Plaintiff was arrested, handcuffed and taken to Mecklenburg County jail where I was detained until 1 AM the next day after posting a $500 cash bond for Guilford County to secure my freedom. Magistrate G. Simmons at Mecklenburg County set an unsecured bond of $50,000.00 to guarantee my appearance in Cabarrus County on 5/28/2019 at 9AM or an additional $50,000.00 retainer would be assessed.

Plaintiff thereby appeared before Judge Nathaniel Knust for trial in the district division on 5/28/2019 at 9:00 AM at Cabarrus County Courthouse while under threat, duress and coercion. Judge Knust yelled at plaintiff and said he would enter a "guilty" plea on my behalf which is a violation against 28 U.S.C.§ 454 and did not allow me an opportunity to respond. Judge Knust had power to prevent further injury, but neglected to do so. Instead, Judge Knust contributed to the conspiracy by ordering me to return on July 23, 2019 while knowing that Cabarrus County courts lack personam jurisdiction and subject matter jurisdiction. Judge Knust also knew or should have known that the charges against plaintiff are "under color of state law"

Page 4 of 10

Case 1:23-cv-00325-TDS-LPA   Document 2   Filed 04/18/23   Page 4 of 10

pursuant to Title 18, U.S.C. § 242 because there was/is no Oath or affirmation signed and supported by a victim and there is no injured party. Plaintiff thereby appealed the decision to the superior court division where I have been awaiting a new hearing date.

Plaintiff received an indictment notice dated 7-8-19, attached hereto as Exhibit "A2" as incorporated by reference. By that time, I consistently called and contacted the court to check for any hearing dates per the notice received, but kept being told that there were no dates set and that I should keep checking. This had gone on for a year later. On October 13, 2020, plaintiff sought legal counsel for representation in this matter. However, when my attorney had run a search on me in his system, he said there was another order for arrest issued for me. Albeit, my attorney was able to have the order for arrest stricken while he worked on my case. Further, since 10/13/2020 when I solicited legal services from the attorney, it was a total of 20 months later, on 05/19/2022 while plaintiff was away at work and was contacted by phone from my attorney's office secretary asking if I could appear for court on the very same day or the next day. This was improper and insufficient process of service, knowing that I have also been trying to contact him daily in an effort to reach him by phone and email regarding any updates of the case since I obtained his legal services. However, he hardly responded except when I made several appointments to meet with him at his office when he would say he was still working on the case and would get back with me. But unfortunately, that never happened, until on 05/19/2022 when plaintiff was contacted by the office assistant while I was away at work. At that point, since my attorney was no longer responding to my inquiries, especially after what had occurred, plaintiff filed a petition and notice to my attorney and the court explaining this situation. In the interval, plaintiff received from the attorney a motion and order to withdraw as attorney, albeit he never did answer the reason why he did not keep me informed and updated on the case. Furthermore,

Page 5 of 10

Case 1:23-cv-00325-TDS-LPA   Document 2   Filed 04/18/23   Page 5 of 10

plaintiff concurred and then filed a "Notice of Withdrawal of Attorney Per This Case" and notice of "Termination of Counsel Representation" for the attorney's ineffectiveness of service.

Moreover, plaintiff appeared at Mecklenburg County courthouse on January 04, 2023 at 10 AM to take care of a matter and was taken into custody for an alleged order for arrest for a said FTA in Cabarrus County regarding the very same matter that I have been fighting and defending, and had the attorney represent. As a reminder, the original date of said offense was 6/2/2017 with issue date of 09/08/2022 as noted on the order for arrest and is attached as "THE STATE OF NORTH CAROLINA VS. BRANDON WILLIAMS" and a copy is attached as Exhibit "A3" as also incorporated herein by reference. In addition, per the "Conditions of Release and Release order", plaintiff was given a bond of $10,000.00 and a scheduled date of 02/03/2023 to appear at Cabarrus Courthouse at 10:00 AM. Plaintiff ended up staying overnight until I paid a bails bondsman in order to secure my release and freedom. A copy of the "Conditions of Release and Release Order" is attached as Exhibit "A4" as also incorporated herein by reference.

Howbeit, plaintiff appeared at Cabarrus County Courthouse on the scheduled date of 02/03/2023 at 10:00 AM as noted. While waiting in the courtroom during the calendar call, I noticed my name was not called. So, plaintiff approached the bench and inquired of this and was informed by the assistant district attorney that I was not on the docket and that I would need to check at the clerk's office. Upon speaking with Ashley Knox at the clerk's office, she informed me that I would need to return on 02/21/23 at 9:30 AM as a copy of the noticed she printed out and gave me is attached as Exhibit "A5" as incorporated herein by reference.

Plaintiff returned to Cabarrus County Courthouse on 02/21/23 at 9:30 AM and was called during the calendar call. However, when I approached the bench before Judge Matthew B. Smith

Page 6 of 10

Case 1:23-cv-00325-TDS-LPA   Document 2   Filed 04/18/23   Page 6 of 10

(who was a visiting judge) to make my statement during my special appearance in propria persona, sui juris, Judge Smith interrupted and stated he was unable to speak with me because the case was still shown as me having an attorney. Plaintiff however objected and informed Judge Smith that the attorney has already been withdrawn and terminated from the case as per both notices that I filed as well as the notice the attorney also filed, and I showed Judge Smith all 3 notices as well as the court's receipt confirmation. Judge Smith stated he did not see the notices in my case file and that I would need to check at the clerk's office and he continued the case for me to return again on April 04, 2023 at 9:30 AM. Plaintiff checked with Suzanne Shumate at the clerk's office and showed her the receipt confirmation that was signed by the other clerk, Madeline Rhinehardt of the notice that was received via USPS return receipt. However, it was stated by Suzanne that the only notice in question titled "TERMINATION OF COUNSEL REPRESENATION" was not placed in the file albeit the other two notices, one titled "Notice of Withdrawal of Attorney Per This Case" that plaintiff filed and the other titled "Motion and Order to Withdraw as Attorney" as what the attorney filed were in the file.

Plaintiff at this point filed a motion for "Notice for Dismissal" dated February 28, 2023 informing the court that this case will be in the process of being removed to federal for Speedy Trial violation pursuant to Amendment 6 of the federal Constitution of the U.S., Due Process violations pursuant to Amendment 14, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process and failure to state a claim upon which relief can be grant as in accordance with Rule 12(b)(1)(2)(3)(4)(5) and (6) of the Federal Rules of Civil Procedure. A copy of the motion for "Notice of Dismissal "is attached as Exhibit "A6" as incorporated herein by reference.

Over and above that, plaintiff appeared again at Cabarrus County court on April 04, 2023

at 9:30 AM as scheduled. I was called to approach the bench and went before Judge Stephanie Reese. Judge Reese began looking over case files and inquired that I present my statement. I informed what has transpired throughout the matter of this case and moved for dismissal because of flagrant abuse of process with continued speedy trial violations with delays, lack of personam and subject-matter jurisdiction that have been challenged throughout the entire ordeal this matter has created. Judge Reese asked the assistant District Attorney (D.A.), Sidney Carter what did she want to do. The D.A. responded that she wanted to continue the case again on July 25 and/or July 31, 2023 at 9:30 AM. I immediately objected and moved for dismissal as what I previously stated during court as well as what avers in my complaint. While plaintiff contested with reciting all State and Federal laws that have been violated, the D.A. stated that the laws aforementioned does not apply to their court. Plaintiff responded that if none of the State and Federal laws recited does not apply in this court then that concludes that I am in an improper venue/tribunal, therefore I am continually being harassed and held hostage while continuing to appear under duress, threat and coercion, and this case need to be dismissed if State and Federal Rule of law do not apply in this tribunal. Moreover, plaintiff did also mention during open court that this case will be removed to federal.

## IV. Injuries

Plaintiff has Suffered and continues to Suffer loss of employment and have developed high blood pressure because of this matter. This loss has incurred financial expenses plaintiff have and still struggles to meet. Plaintiff's unalienable rights secured by the federal Constitution of the U.S. have been violated. Plaintiff have been deprived of rights and conspired against under color of state law. Plaintiff is entitled to bring this action for these deprivations against the State actors in Cabarrus County for neglecting to prevent further injury.

## V. Relief

Plaintiff hereby entreats and moves this Court for the judgment and compensation for punitive damages inflicted throughout this entire matter in the amount of $25,000.00 or whatever this tribunal deems fit for restitution. Namely that defendant's claim be dismissed.

## VI. Conclusion and Certification and Closing

For all the foregoing reasons mentioned above, Plaintiff moves this tribunal to dismiss this case as pursuant to Rule 12(b)(1)(2)(3)(4)(5) and (6) of the Federal Rules of Civil Procedure and Rule 48 of Federal Rules of Criminal Procedure.

*"For a crime to exist, there must be an injured party. There can be no sanction or penalty imposed on one because of this Constitutional right."* - **Sherar v. Cullen, 481 F.2d 945**.

*"Title I of the Speedy Trial Act of 1974, 88 Stat. 2080, as amended August 2, 1979, 93 Stat. 328, is set forth in 18 U.S.C. §§ 3161-3174. The Act establishes time limits for completing the various stages of a federal criminal prosecution. The information or indictment must be filed within 30 days from the date of arrest or service of the summons. 18 U.S.C. § 3161(b). Trial must commence within 70 days from the date the information or indictment was filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1)."*

*"Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. [John J. Joyce v. United States of America, 474 F.2d 215, 219]* **Joyce v. U.S., 474 F.2d 215, 219 (C.A.3 (Pa.), 1973)**"

*"When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction. [**Melo v. US, 505 F2d 1026, 1030**]"*

*"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction."* **Rhode Island v. Massachusetts, 37 U.S. 657, 718, 9 L.Ed. 1233 (1838)**"

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted

U.C.C. 1-207 / 1-308 / 1-103

April 13, 2023    By: *Brandon Williams, also known as Efron Yosef Adar Ramses El*
Brandon Williams, also known as Efron Yosef Adar Ramses El
Secured Party Creditor for:
**BRANDON WILLIAMS™©, DEBTOR**
601 Franklin Avenue
c/o PO Box 791481
Charlotte NC [28206-7923]
Email: bwilliamsnet@gmail.com
Mobile: (704) 493-6149