IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRANDON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 1:23CV325 |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[] or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As to the first of those two grounds, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

2

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

Additionally, constitutional and common-law doctrines that immunize government entities and/or personnel from liability for damages also constitute grounds for dismissal under 28 U.S.C. § 1915(e)(2)(B).  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship of 42 U.S.C. § 1983 and common-law immunity doctrines, including judicial immunity and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

3

public officials, preclude or severely limit the damage remedy" (internal quotation marks omitted)).

## BACKGROUND

Asserting claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242 for alleged violations of his rights under the "Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments" (Docket Entry 2 at 2),[2] Plaintiff initiated this action against three defendants: (i) the State of North Carolina (the "State"), (ii) State Superior Court

---

[2] Notably, 18 U.S.C. § 242 (the criminal counterpart to 42 U.S.C. § 1983) does not provide a private cause of action. See Capps v. Long, No. 20-6789, 2021 WL 4843568 (4th Cir. Oct. 18, 2021) ("[Section] 242 of Title 18 of the United States Code[ is a] federal criminal statute[] . . . [that does not] give rise to civil liability or authorize a private right of action."); Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (describing 18 U.S.C. § 242 as "a[] criminal statute[ ] that do[es] not provide [a] private cause[] of action"); Bey v. North Carolina, No. 3:12CV454, 2012 WL 3528005, at *1 (W.D.N.C. Aug. 14, 2012) ("There is no private right of action under . . . 18 U.S.C. . . . § 242 . . . ."); El Bey v. Celebration Station, No. 3:02CV461, 2006 WL 2811497, at *3 (W.D.N.C. Sept. 28 2006) ("[Section 242] do[es] not give rise to a civil action for damages, and neither the plaintiff nor this [c]ourt has the authority to issue a criminal complaint."), aff'd, 242 F. App'x 917 (4th Cir. 2007). Any claims predicated on Section 242 thus fail as a matter of law, as "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §[ ]242 (the criminal analogue of 42 U.S.C. § 1983)," Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). See Tribble v. Reedy, No. 89-6781, 888 F.2d 1387 (table), 1989 WL 126783, at *1 (4th Cir. Oct. 20, 1989) (affirming dismissal of civil action because, "[u]nless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute"). Accordingly, the Court should dismiss Plaintiff's claims to the extent they rely on Section 242. See Wagner v. United States, 377 F. Supp. 2d 505, 510-11 (D.S.C. 2005) ("18 U.S.C. § 242 is a criminal statute providing no privately enforceable right that would entitle [the plaintiff] to . . . relief."). [Docket Entry page citations utilize the CM/ECF footer's pagination.]

4

Judge Stephanie Reese ("Judge Reese"), and (iii) Assistant District Attorney Sydney R. Carter (individually, "ADA Carter," and collectively, the "Defendants") (id. at 1-2).³  According to the Complaint:

Since 2017, Plaintiff has endured various delays and impediments to resolving certain state criminal charges, prompting him to terminate his attorney and seek dismissal of those charges for, inter alia, violations of his right to a speedy trial. (See id. at 3-8.) Following multiple court appearances over many years, "[P]laintiff appeared again at Cabarrus County [C]ourt on April 04, 2023 at 9:30 AM as scheduled." (Id. at 7-8.) At that time:

---

³ Plaintiff includes "Cabarrus County" among the defendants in the Complaint's caption (see id. at 1), but does not include Cabarrus County in his (numbered) list of defendants (see id. at 1-2). As such, it remains unclear whether Plaintiff seeks to sue Cabarrus County. In any event, the Complaint includes no specific allegations against Cabarrus County. (See id. at 3-8.) The Complaint only references Cabarrus County in connection with the Cabarrus County Court (see id. at 4, 6, 7) and as the location where certain events occurred (see id. at 4 (referring to "Plaintiff's arrest pending in . . . Cabarrus [C]ount[y]"), 6 (noting "arrest for a said FTA in Cabarrus County")). To state a viable Section 1983 claim against Cabarrus County, "it must be shown that the actions of [persons employed by Cabarrus County] were unconstitutional and were taken pursuant to a custom or policy of [Cabarrus County]," Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 690-92 (1978)). The Complaint does not specifically allege that any policy or custom of Cabarrus County or its officials caused any of the challenged events or otherwise harmed Plaintiff. (See Docket Entry at 3-8.) Thus, Plaintiff fails to state a viable claim against Cabarrus County, necessitating dismissal of any claim against Cabarrus County. See 28 U.S.C. § 1915(e)(2)(B)(ii).

> [Plaintiff] went before Judge [] Reese. Judge Reese
> began looking over case files and inquired that
> [Plaintiff] present [his] statement. [Plaintiff]
> informed [Judge Reese of] what ha[d] transpired
> throughout the matter of th[e] case and moved for
> dismissal . . . . Judge Reese asked [ADA] Carter what
> did she want to do. [ADA Carter] responded that she
> wanted to continue the case again [for late July] . . . .
> [Plaintiff] immediately objected and moved for
> dismissal . . . . [ADA Carter] stated that the laws
> [cited by Plaintiff] d[id] not apply to their court.
> Plaintiff responded that if none of the [s]tate and
> [f]ederal laws recited [applied] in this court then that
> conclude[d] that [Plaintiff was] in an improper
> venue/tribunal [and he was] continually being harassed
> and held hostage while continuing to appear under duress,
> threat[,] and coercion, and th[e] case need[s] to be
> dismissed . . . . Moreover, [P]laintiff did also mention
> during open court that this case will be removed to
> federal [court].

(Id. at 8.) The Complaint requests compensation "in the amount of $25,000.00 or whatever this tribunal deems fit for restitution," as well as "that [D]efendant[s'] claim[s] against Plaintiff] be dismissed." (Id. at 9.)

## DISCUSSION

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights."). Although Plaintiff has alleged certain

6

federal constitutional violations, limitations on the scope of Section 1983 relief, including various immunity doctrines, require dismissal of this action.

## I. The State

To begin, the Complaint names the State as a defendant. (Docket Entry 2 at 1.) However, Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), because the State does not qualify "a[s a] 'person[]' under § 1983," id. at 71; see also Savage v. North Carolina Dep't of Corr., No. 5:06-CV-171, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007) ("[Under Section 1983,] neither the state nor a state agency is deemed a 'person.'"). As Plaintiff cannot bring a Section 1983 claim against the State, the Court should dismiss his claims against the State under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Judge Reese

As for Plaintiff's claim against Judge Reese (see Docket Entry 2 at 2), state and federal judges enjoy judicial immunity, which constitutes "an immunity from suit, not just from ultimate assessment of damages," Mireles v. Waco, 502 U.S. 9, 11 (1991). "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims," In re Mills, 287 F. App'x 273, 279 (4th Cir. 2008) (emphasis added),

7

"even if such acts were allegedly done either maliciously or corruptly," King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992).

To determine whether an action constitutes a "judicial act" protected by judicial immunity, the Court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." King, 973 F.2d at 357. A plaintiff can only overcome judicial immunity when the allegations concern acts of a nonjudicial nature or if the judge acted "in the complete absence of all jurisdiction." Darling v. Falls, 236 F. Supp. 3d 914, 927 (M.D.N.C. 2017) (citing Mireles, 502 U.S. at 11); see also Stump v. Sparkman, 435 U.S. 349, 359-62 (1978) (holding that judicial immunity applies even when judge's "exercise of authority [was] flawed by the commission of grave procedural errors" and that "judicial act" encompasses any "function normally performed by a judge").

The Complaint does not specify what, if any, actions Judge Reese took that allegedly violated Plaintiff's rights. (See Docket Entry 2 at 1-10.) The Complaint simply states that Plaintiff "went before Judge [] Reese. Judge Reese began looking over case files and inquired that [Plaintiff] present [his] statement." (Id. at 8.) Then, "Judge Reese asked [ADA] Carter what did she want to do." (Id.) Nowhere does Plaintiff allege that Judge Reese took any nonjudicial actions or that she acted outside her jurisdiction.

8

(See id. at 1-10.)  The actions Plaintiff challenges — reviewing case files, asking for Plaintiff's statement, and asking for ADA Carter's argument — all qualify as judicial.  See King, 973 F.2d at 357.  Accordingly, Judge Reese enjoys absolute judicial immunity from Plaintiff's claims.

Futher, any official-capacity claims for damages against Judge Reese fail as a matter of law because the State employs her, see N.C. Gen. Stat. §§ 7A-3 (bringing all court operations under control of State), 7A-41 (establishing superior courts and providing for superior court judges).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 70.  "Because a state is not a 'person' under [Section] 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute." Wells v. Northam, No. 3:18CV40, 2018 WL 2978026, at *2 (W.D. Va. June 13, 2018).  In sum, the Court should dismiss Plaintiff's claims against Judge Reese (in her individual capacity) due to her immunity and (as to any official-capacity claim) for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

### III. ADA Carter

Finally, as to ADA Carter, the Complaint does not specify whether Plaintiff alleges an individual-capacity or official-capacity claim under Section 1983.  (See Docket Entry 2 at 2.)  The

9

Complaint simply seeks damages and asks that ADA Carter dismiss the charges against Plaintiff. (See id. at 9.)

Assuming Plaintiff alleges an individual-capacity claim against ADA Carter, the Supreme Court has held that "absolute immunity appl[ies] with full force" to a prosecutor's activities that remain "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Polidi v. Bannon, 226 F. Supp. 3d 615, 620-21 (E.D. Va. Dec. 28, 2016) ("Prosecutors are absolutely immune from suits for money damages for conduct in or connected with judicial proceedings."). The Complaint faults ADA Carter for seeking a continuance of a criminal matter during a criminal hearing, seeks monetary damages from a state court prosecutor and dismissal of criminal charges, and lacks any factual allegations suggesting that ADA Carter acted outside the judicial phase of the criminal prosecution. (See Docket Entry 2 at 2-9.) Rather, the Complaint alleges that ADA Carter "wanted to continue the case" and argued that the "[s]tate and [f]ederal laws" that Plaintiff recited "d[id] not apply to [the immediate case]." (Id. at 8.) As a result, prosecutorial immunity precludes any Section 1983 claim against ADA Carter in her individual capacity.

Likewise, to the extent the Complaint asserts an official-capacity Section 1983 claim for damages against ADA Carter, such claim fails as a matter of law because "a suit against a state

10

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," Will, 491 U.S. at 71, and "a State is not a person within the meaning of [Section] 1983," id. at 64. In North Carolina, district attorneys and their assistants act as arms of the State. See N.C. Gen. Stat. §§ 7A-60 (creating prosecutorial districts and position of district attorney), 7A-61 (empowering district attorneys to "prosecute in a timely manner in the name of the State all criminal actions"), 7A-63 (providing for assistant district attorneys to aid district attorney), 7A-65 (establishing compensation for district attorneys and assistant district attorneys). As a result, any official-capacity claim under Section 1983 against ADA Carter suffers from an obvious fatal defect, as "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983," Will, 491 U.S. at 71.

Further, Plaintiff's request for "dismissal of pending charges is not a remedy available in the [Section] 1983 context." Mandzak v. Sancea, No. 1:06cv51, 2006 WL 659462, at *1 n.2 (W.D.N.C. Mar. 13, 2006). The dismissal of pending charges "is relief which may only be obtained in a habeas action." Westpoint v. Wilson, No. 2:11cv1480, 2011 WL 3490085, at *1 n.1 (D.S.C. July 19, 2011), recommendation adopted, 2011 WL 3490262 (D.S.C. Aug. 9, 2011); see also Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49 (4th Cir. 1989) ("[F]ederal courts may not enjoin a pending state

11

criminal prosecution, absent a clear showing that defense of the prosecution will not assure adequate vindication of constitutional rights.").

For all of these reasons, the Court should dismiss all claims against ADA Carter under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

## CONCLUSION

The Complaint fails to state a claim and/or runs afoul of immunity doctrines.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim and seeking relief from immune defendants.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

October 18, 2023